IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHELESTA DAWSON, individually
and as Personal Representative of the
Estate of Willie Dawson, Deceased
                Plaintiff,
vs.                                                  5:10cv261/RS/MD

UNITED STATES OF AMERICA, et al.
                Defendants.

## **REPORT AND RECOMMENDATION**

      This matter is before the court upon the Federal Defendant's Motion for Substitution of the United States and Motion to Dismiss, or in the Alternative, for Summary Judgment and statement of facts in support thereof. (Doc. 12 & 13).[1] The motion for substitution was granted in the same order directing the plaintiff to respond to the motion. (Doc. 15). Plaintiff was directed to respond on or before January 3, 2011, and in fact has not filed a single pleading since the case was removed to this court. The record reflects that her counsel withdrew on September 27, 2010. (Doc. 4). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Background and Facts

      On January 31, 2008, plaintiff Chelesta Dawson and her father, Willie Dawson were in their motor vehicle near Port St. Joe, Florida when they were struck nearly head on by a vehicle driven by the subject of a law enforcement motor vehicle chase. The driver of the

---

[1] Defendant has also filed a notice of filing corrected exhibits for statement of facts. (Doc. 21).

subject vehicle, Norma Beth Bisson, was apparently intoxicated and driving erratically. Ms. Bisson was traveling from Tyndall Air Force Base toward the city of Mexico Beach. She failed to stop for Tyndall AFB Security Police, and officers from several non-federal law enforcement agencies, including the Bay County Sheriff's Office, the Mexico Beach Police Department and the Gulf County Sheriff's Office were involved in the chase. Ms. Bisson ultimately crashed her Ford Explorer into the plaintiff's car. Plaintiff sustained serious injuries and her father, Willie Dawson, died as a result of the crash.

Plaintiff initiated this action through the filing of a complaint in the Circuit Court in and for Gulf County Florida on January 28, 2010. She alleged claims for negligence and wrongful death against Tyndall Air Force Base ("Tyndall" or "Tyndell AFB"), the Bay County Sheriff's Office, the Mexico Beach Police Department, and the Gulf County Sheriff's Office. She filed an amended complaint in that court on September 7, 2010 in which she alleged negligence and wrongful death against Tyndall Air Force Base, Bay County, the City of Mexico Beach, and Gulf County. Counsel withdrew on September 27, 2010, and the federal defendant filed a notice of removal to this court on October 1, 2010. Notices of Appearance have been filed by the City of Mexico Beach, W. Frank McKeithen and Joseph Nugent (doc. 5, 6, 7, 10 & 11), but none of these parties has filed anything further.

With respect to the federal defendant, on February 3, 2010, the 325th Security Forces Squadron at Tyndall AFB (the "Squadron") received a letter dated January 28, 2010 from plaintiff's attorney via regular mail, which bore the caption "Notice of Claim." Included with the letter were copies of a motion to stay that plaintiff had filed in her state court case, and an order on that motion. (Statement of facts, doc. 13, ¶ 5; doc. 21, exh. 4). The Squadron forwarded this correspondence to the Office of the Staff Judge Advocate, 325th Fighter Wing (wing legal office) at Tyndall. (Doc. 13, ¶ 5) The wing legal office responded to plaintiff's attorney by letter dated February 9, 2010 in which it advised counsel of the requirements for filing an administrative claim, pointed out that there was required information that was not included with the plaintiff's state court complaint, and included a copy of the administrative complaint form, "SF-95". (*Id.* at ¶ 6; doc. 21, exh. 5). Neither

the plaintiff nor her lawyer submitted anything further until counsel submitted an SF-95 form dated August 27, 2010.  (Doc. 13, ¶ 7).

## Legal Analysis

The government has moved to dismiss the instant complaint, contending that the court lacks jurisdiction because plaintiff failed to timely file an administrative tort claim before filing suit in the state court.

It is well established that the government is shielded from suit by the doctrine of sovereign immunity absent an express waiver.  See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The Federal Tort Claims Act ("FTCA") provides a limited waiver of this sovereign immunity.  Under the FTCA, the United States may be held liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment..." 28 U.S.C. § 1346(b)(1).  Such liability arises under circumstances where a private person, under like circumstances, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  *Id.;* see also 28 U.S.C. § 2674.  Before filing suit against the United States, however, a claimant must comply with certain procedural prerequisites which are set forth in 28 U.S.C. § 2675(a).  This section provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  As is recognized by case law, the plain language of the statute does not provide for exceptions.  See *McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  There are other requirements, as the administrative claim

must be filed within two years from the time the claim accrues, and it must be "accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); 28 U.S.C. § 2675, 2401(b); *Turner ex. Rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008); *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). The "sum certain" requirement serves the valuable purpose of informing the government of the maximum amount of a claim, enabling it to assess whether to settle the claim or proceed to trial. *Turner ex. rel. Turner*, 514 F.3d at 1200 (citing *Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986)). It is also mandatory jurisdictional prerequisite, although the requirement regarding the precision with which the sum certain is identified is more leniently construed. *Turner ex. rel. Turner*, 514 F.3d at 1200 (citing *Dalrymple*, 460 F.3d at 1324).

Based on the foregoing, it is clear that the plaintiff in this case failed to timely file a proper administrative tort claim with the Air Force before filing suit. As noted above, the motor vehicle accident that gave rise to the instant case occurred on January 31, 2008. Plaintiff's counsel sent a letter captioned "Notice of Claim" to Squadron, which was received on February 3, 2010 and forwarded to the wing legal office. The wing legal office responded via letter to counsel, essentially advising that the administrative filing requirements were not satisfied by this letter and providing counsel with a copy of the required SF-95 administrative complaint form. Neither plaintiff nor her attorney further pursued this matter until counsel filed an SF-95 form dated August 27, 2010. This form, which was clearly untimely, still did not include a "sum certain" as required by law, but obliquely stated that "property damage, personal injury, and wrongful death amounts are unknown at this time." (Doc. 21, exh. 6 at 10).

Furthermore, plaintiff may not file suit until receipt of a final written denial by the agency or, if the agency does not render a final disposition within six months of receipt of the administrative claim, at any time thereafter. 28 U.S.C. § 2675(a). Plaintiff neither received a final written denial nor was she entitled to file a federal case due to the failure to receive such a denial because she never filed a timely and proper administrative claim.

For the forgoing reasons, the plaintiff's claim against the United States is not properly before this court, and the court is without jurisdiction to consider it. The motion to dismiss of the defendant United States should be granted, and it should be dismissed as a party defendant in this action.

After the dismissal of the federal defendant, this court must consider its jurisdiction over the plaintiff's remaining claims. A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala.*, 168 F.3d at 410). In this case, if the lone federal defendant is dismissed, there is no basis for the court to retain jurisdiction over the plaintiff's remaining negligence claims over the remaining defendants. Therefore, this case should be remanded to state court.

Based on the foregoing, it is respectfully RECOMMENDED:

The Federal Defendant's Motion to Dismiss (doc.18) be GRANTED, that the United States be dismissed as a party defendant in this action, and this case be remanded to state court.

At Pensacola, Florida, this 26th day of January, 2011.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:10cv261/RS/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).